IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WILLIAM SCHNEIDER, | ) | |
|     Petitioner, | ) | Civil Action No. 09-30 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| RAYMOND J. SOBINA, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

Petitioner James William Schneider is a state prisoner. At issue in this proceeding is the judgment of sentence imposed by the Court of Common Pleas of McKean County at Criminal Docket CP-42-CR-000165-1995. He has filed the instant Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that judgment of sentence. [ECF No. 1]. This petition is at least the second habeas petition that he has filed with this Court in which he challenges that judgment of sentence. Because he did not receive from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.     REPORT**[1]

    **A.     Relevant Background**

In 1996, a jury empaneled by the Court of Common Pleas of McKean County at Criminal Docket CP-42-CR-000165-1995 convicted Petitioner of multiple counts of rape, statutory rape,

---

[1]      The following background is taken largely from the Report and Recommendation issued on June 13, 2007, by the undersigned in the related case of Schneider v. Superintendent Brooks, 1:06-cv-182-SJM-SPB (W.D. Pa.).

1

involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, terroristic threats, incest, endangering the welfare of children, and corruption of minors. His convictions arose from charges that he repeatedly had sexually molested his minor daughter. The Honorable Robert L. Wolfe presided over Petitioner's trial and Dawn Fink, Esq., represented him. On April 12, 1996, Judge Wolfe imposed an aggregate sentence of thirty to sixty years' imprisonment.

Attorney Fink discontinued a direct appeal of Petitioner's judgment of sentence, and, as a result, in 1998 the Honorable John M. Cleland reinstated his direct appeal rights and appointed Joseph M. Marasco, Esq, to represent him. On appeal, Petitioner raised three claims regarding Attorney Fink's alleged ineffective assistance.

On October 6, 1999, the Superior Court of Pennsylvania rejected Petitioner's claims on the merits and affirmed his judgment of sentence. The Supreme Court of Pennsylvania denied his subsequent petition for allowance of appeal on April 4, 2000. He did not file a writ of certiorari with the U.S. Supreme Court. Accordingly, his judgment of sentence became final on or around July 3, 2000, the date on which the ninety-day period to seek certiorari expired. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a state prisoner's judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On May 7, 2001, Petitioner filed a *pro se* petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 et seq. In that petition, he raised numerous claims regarding Attorney Fink's and Attorney Marasco's alleged ineffective assistance. Judge Cleland appointed Elizabeth A. Zeigler, Esq., to represent Petitioner, and she filed an amended PCRA petition on his behalf.

On February 25, 2004, Judge Cleland issued a memorandum order rejecting Petitioner's PCRA claims on the merit. Michael J. Saglimben, Esq., was appointed to represent him on appeal, and he

raised one claim: that Attorney Zeigler provided him with ineffective assistance of counsel for abandoning his *pro se* PCRA claim that Attorney Marasco (direct appeal counsel) was ineffective for failing to identify Attorney Fink's (trial counsel's) error in not objecting to inflammatory statements made by the prosecutor during closing arguments.

On June 6, 2005, the Superior Court rejected Petitioner's claim on the merits. The Pennsylvania Supreme Court denied the petition for allowance of appeal on December 29, 2005.

In August of 2006, Petitioner filed with this Court his federal habeas petition pursuant to 28 U.S.C. § 2254 in which he challenged the judgment of sentence at Criminal Docket CP-42-CR-000165-1995. That petition was docketed as <u>Schneider v. Superintendent Brooks</u>, 1:06-cv-182 (W.D. Pa.), assigned to the Honorable Sean J. McLaughlin, and referred to the undersigned. On July 3, 2007, this Court issued a Memorandum Order in which it, upon the undersigned's Report and Recommendation, denied the petition and denied a certificate of appealability.

After that federal habeas action concluded, Petitioner continued to file untimely, frivolous and/or repetitive pleadings in state court in an effort to obtain relief from his judgment of sentence. [<u>See</u> the exhibits Respondents have attached to their Answer at ECF No. 14]. Having had no success in state court, Petitioner once again seeks federal habeas corpus relief from this Court.

### B.     Discussion

Because the instant habeas petition is at least the second federal habeas corpus petition that Petitioner has filed in which he challenges the judgment of sentence at Criminal Docket CP-42-CR-000165-1995, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, AEDPA

3

mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Court of Appeals establishes that Petitioner has not received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Id. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here,

4

jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition For Writ Of Habeas Corpus be dismissed and a that certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  June 8, 2011 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:     The Honorable Maurice B. Cohill
        Senior United States District Judge